IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES D. ALLEN                                                                       PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:07cv231-JCS

AMEKIA JACKSON and LEON SHIELDS                                       DEFENDANT

## ORDER

This cause is before the court on Plaintiff's amended motion for an emergency preliminary injunction and temporary restraining order. Having considered the motion, the court concludes for the reasons set forth herein that it should be denied.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). That test requires that a plaintiff seeking injunctive relief establish (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) that granting the injunction will not disserve the public interest. *Mississippi Power & Light Co.*, 760 F.2d at 621. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order. *Id.*

Plaintiff's lawsuit alleges that Defendant Jackson gave false information in issuing a Rule Violation Report against him in retaliation for his having pointed out an error she had made. He alleges that Shields, a prison official, found him guilty on the same Rule

Violation Report in retaliation for Plaintiff's having previously filed a grievance against him. In his motion for injunctive relief, Plaintiff gives a detailed description of shakedowns and confiscation of his property by other prison officials which he claims were in retaliation against Plaintiff for his having filed the present lawsuit. Plaintiff requests that this court order prison officials to return personal property confiscated by them and to refrain from future confiscation and from harassing and retaliating against Plaintiff.

The Defendants in the present suit are not implicated in any of the acts complained of in the motion. Furthermore, nothing in the motion establishes any likelihood that Plaintiff will suffer irreparable injury if an injunction is not entered. Neither has Plaintiff alleged facts indicating that any of the other prerequisites could be met. For these reasons, the motion is hereby denied.

So ordered, this the 22nd day of May, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE