IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES D. ALLEN                                                               PLAINTIFF

VS.                                             CIVIL ACTION NO. 3:07cv231-JCS

AMEKIA JACKSON and LEON SHIELDS                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

      This cause is before the court on the motion of Defendant Leon Shields for summary judgment. Having considered the motion and Plaintiff's response, the court concludes that the motion should be granted. Furthermore, the court concludes that because Plaintiff has failed to state a claim against the unserved Defendant, Amekia Jackson, the claims against her should likewise be dismissed.

      Plaintiff is a state inmate in the custody of the Mississippi Department of Corrections. Defendants are prison officials. The facts as set forth in Plaintiff's complaint and in his testimony at the *Spears* hearing allege that on April 23, 2006, at approximately 10:30 p.m., Defendant Jackson ordered all inmates in the unit to report to their assigned beds for the night. Shortly thereafter, Jackson entered Plaintiff's zone and, finding the inmates not yet in bed, again ordered them to report to their beds for the night. Plaintiff responded by explaining that inmates did not have to rack down until 2:00 a.m. on this particular night because it was a state holiday. When Defendant Jackson did not accept Plaintiff's argument, Plaintiff asked to speak with Jackson's superior. Jackson then sent Plaintiff to the shift commander's office, where Plaintiff continued to protest the order to rack down. Thereafter, Jackson issued an RVR to Plaintiff for disregarding an order. At the hearing on the RVR, Defendant Shields, the hearing officer, adjudicated Plaintiff

guilty.

Plaintiff alleges that Jackson's act in issuing the RVR was in retaliation for his having pointed out to her the mistake of ordering inmates to rack down at the wrong time and that Shields adjudicated him guilty on the RVR in retaliation for Plaintiff's having previously filed a grievance against Shields. In order to state a claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In order to meet the fourth requirement of causation, the plaintiff must either come forward with direct evidence of motivation or, in the more typical scenario, "allege a chronology of events from which retaliation may plausibly be inferred." *Id*. at 325. Plaintiff's allegations fall far short of these requirements. First of all, he has failed to establish the exercise of any constitutional right with reference to the claim against Defendant Jackson. Furthermore, he has alleged no facts from which a fact-finder could infer that retaliatory motives were the cause of Defendants' acts. Thus, Plaintiff has failed to state a claim for retaliation against either Defendant.

For the reasons stated herein, Defendant Shields' motion is hereby granted, and the claims against him are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All claims against Defendant Jackson are likewise dismissed with prejudice pursuant to 18 U.S.C. § 1915(e)(2)(B)(ii). A separate judgment will be entered.

So ordered, this the 18th day of November, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE

2